IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN W. HOZE,

    Plaintiff,                    No. CIV S-05-2052 LKK DAD P

    vs.

BOARD OF PRISON TERMS, et al.,    ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner or parolee proceeding pro se with a case opened on October 11, 2005. Case opening documents mailed to plaintiff at his address of record were returned to the court on October 19, 2005, marked "Not in custody." The undersigned recommended that this case be dismissed due to plaintiff's failure to keep the court apprised of his current address. The October 25, 2005 findings and recommendations were returned to the court as undeliverable on November 10, 2005. On December 14, 2005, the clerk re-served the findings and recommendations on plaintiff at a new address included in a letter filed by plaintiff on December 13, 2005. On December 27, 2005, the court received plaintiff's objections to the findings and recommendations.

        Plaintiff states that he was moved to three different institutions after he sent his first filing to the court and that he believed his mail was being forwarded. Plaintiff apologizes

1

and requests that this action not be dismissed. As of December 20, 2005, the date of plaintiff's objections, plaintiff anticipated his release from custody by December 28, 2005. Plaintiff has not filed a notice of change of address, and his current address of record is the institutional address provided December 13, 2005. In the interests of justice, the undersigned will vacate the pending findings and recommendations and will screen plaintiff's complaint. Plaintiff is cautioned that this action will be dismissed if he does not keep the court apprised of his current address.

On October 11, 2005, the court received plaintiff's two-page letter dated October 5, 2005. In this document, plaintiff describes his letter as concerning an issue decided in Valdivia vs. Schwarzenegger. Plaintiff states that at a hearing on October 4, 2005, an attorney and a deputy commissioner of the Board of Prison Terms told him the Board is still allowing hearsay evidence, in violation of Valdivia. Plaintiff asserts that the Board "needs to be reissued a new hearsay evidence ruling" because Board members know they are violating Valdivia and are telling parolees "to take it up on a writ." Plaintiff asks the court "to set the BPT straight for once and for all." At the time of the letter filed October 11, 2005, plaintiff was scheduled for another Board hearing in approximately three weeks. In his recent objections to findings and recommendations, plaintiff states that he had a Board hearing on November 28, 2005, and his rights were violated because "the whole hearing was hearsay."

The court construed plaintiff's first letter as a civil rights complaint and opened this civil rights action. Plaintiff has not paid the $250.00 filing fee or filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914 and 1915. If this action proceeds, plaintiff will be required to file a proper complaint and to pay the filing fee or file an application to proceed in forma pauperis.

The court is required to screen every complaint brought by an inmate seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2). In every case in which the plaintiff is proceeding in forma pauperis, the court must dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A claim must be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

In the present case, plaintiff wants to "set the BPT straight" about hearsay evidence. If plaintiff is challenging the use of hearsay evidence at his hearings on October 4, 2005, and November 28, 2005, his sole federal remedy lies in a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A state prisoner may not file a federal petition for writ of habeas corpus until he has exhausted state court remedies by presenting all federal claims to the state's highest court.[1] See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

If plaintiff seeks habeas relief, his letter should be construed as a habeas petition instead of a civil rights complaint, and the habeas petition should be dismissed for failure to exhaust available state court remedies before bringing this action. If plaintiff seeks to enforce the terms of the stipulated permanent injunction in Valdivia v. Schwarzenegger, case No. CIV S-94-

---

[1] Plaintiff should present his habeas claims to the state courts as soon as possible. If relief is not obtained in the state courts, plaintiff may file a federal habeas petition after he exhausts state court remedies.

0671 LKK GGH P (E.D. Cal. 1994), plaintiff is informed that the terms do not provide for an inmate's release as a remedy for alleged violations of the settlement agreement.  (See Order filed in Valdivia on Dec. 8, 2004, and docketed as #1141, denying a motion for immediate release filed by a member of the Valdivia class.)  Plaintiff may seek additional information regarding the Valdivia settlement and its enforcement by writing to Karen Kennard at Bingham McCutchen LLP, Three Embarcadero Center, San Francisco, California 94111.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 25, 2005, are vacated;

2. The Clerk of the Court is directed to serve this order on plaintiff at his address of record at Deuel Vocational Institution and at the Sacramento residential address provided in plaintiff's December 27, 2005 objections to findings and recommendations; and

IT IS RECOMMENDED that this action be dismissed without prejudice for failure to state a cognizable civil rights claim.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hoze2052.noc